UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES**, | Criminal Case No. 3:10-CR-00507-KI |
| Plaintiff, | Civil Case No. 3:13-CV-00303-KI |
| v. | OPINION AND ORDER ON MOTION TO VACATE, SET ASIDE OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255 |
| **JAMES PATRICK SODARO, JR.**, | |
| Defendant. | |

S. Amanda Marshall
United States Attorney
District of Oregon
Ryan W. Bounds
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902

    Attorneys for Plaintiff

James Patrick Sodaro
#73134-065
USP-Lompoc
3901 Klein Blvd.
Lompoc, CA 93436

       Defendant

KING, Judge:

Before the court is defendant James Patrick Sodaro, Jr.'s motion, under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence [39].

## BACKGROUND

This was an unusual case, but not because of a legal issue. Rather, Sodaro had a rare opportunity to perform well during the pendency of this case, and did in fact admirably comply with conditions of pretrial release for a period of over ten months, until he destroyed his chance of any sentencing consideration when he relapsed.

Sodaro was indicted on December 15, 2010 of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). He was also charged with possessing a stolen firearm and with two counts of possessing stolen identification issued by the United States (a passport and a Department of Homeland Security federal flight deck officer credential). Sodaro was detained until February 3, 2011, when he was ordered released to a residential drug treatment facility. He maintained sobriety and obtained a job.

In the meantime, the Supreme Court issued a decision in Sykes v. United States, 131 S. Ct. 2267 (2011) on June 9, 2011, in which the Court concluded intentionally eluding a police officer by a vehicle constitutes a "crime of violence" for purposes of the Armed Career Criminal

Act. On June 30, 2011, the Ninth Circuit applied Sykes to conclude the felony of attempt to elude police, under ORS 811.540(1)(b)(A), constituted a crime of violence. United States v. Snyder, 643 F.3d 694, 699 (9th Cir. 2011). As a result of these decisions, Sodaro's base offense level increased from 14 to 24 under the United States Sentencing Guidelines ("U.S.S.G.").

On October 5, 2011, Sodaro entered a guilty plea to the felon in possession count. The government agreed to dismiss the other counts at sentencing and agreed to recommend the low end of the guideline range. In a footnote, the government indicated it believed Sodaro's two prior felony attempts to elude (under ORS 811.540) constituted crimes of violence, but agreed not to charge Sodaro under the Armed Career Criminal Act. The Court scheduled sentencing for December 15, 2011 and Sodaro was permitted to remain on release status until then.

Approximately one week before the originally scheduled sentencing hearing, the Probation Department submitted a Presentence Investigation Report in which it recommended 37 months' imprisonment–down from a guideline range of 57 to 71 months–on the basis that Sodaro had performed extremely well on release, and to reflect the fact that Sodaro's base offense level increased ten levels due to the Sykes and Snyder decisions after he committed the charged offenses. The government was prepared to seek a sentence of 57 months after a four-level departure under U.S.S.G. § 5K1.1.

Just before his sentencing hearing, Sodaro relapsed by using methamphetamine and lost his bed at the recovery house, was fired from his job, and was terminated from his mental health treatment. Probation changed its recommendation to 43 months, and the government indicated it would no longer move for a departure but would instead seek a sentence of 84 months. I held a sentencing hearing on December 20, 2011 at which I heard the testimony of three witnesses

speaking on Sodaro's behalf, including Sodaro's sponsor and counselor. I agreed to give Sodaro time to prove his relapse was a small misstep in his overall trajectory toward recovery and set a further sentencing hearing for March 21, 2012.

In the week following his initial sentencing hearing in December, Sodaro relapsed again. Salem police arrested him on December 26, 2011 and charged him with Possession of Methamphetamine. He absconded for several weeks and failed to appear in Multnomah County court on January 6, 2012 for sentencing on an earlier, different charge, which had been deferred to monitor his progress. This Court and the state court issued arrest warrants. Portland police arrested Sodaro on January 20, 2012 for Unauthorized Use of a Motor Vehicle, Attempt to Elude (felony), Possession of a Stolen Vehicle, and Unlawful Entry of a Motor Vehicle (misdemeanor). The charges arose when Sodaro attempted to flee from police in a stolen vehicle.

I moved sentencing up to February 23, 2012. At the hearing, the parties presented a joint recommendation of 90 months' imprisonment, representing a global resolution of his federal and state charges. As a result of the resolution, Sodaro would spend his time in federal custody, his state sentences would run concurrently to his federal charge, and the state would dismiss other outstanding charges. Defense counsel represented that Sodaro agreed with the proposed sentence because he could "do all of his time in federal custody, where he can focus on the programs available to him. In order to achieve that result, he is agreeing to a higher federal sentence so the state sentences will run concurrently with that sentence, and the district attorney will be satisfied that Mr. Sodaro has received an incrementally higher punishment for his state offenses." Ltr. 3 (Feb. 17, 2012). I sentenced Sodaro to 90 months' imprisonment.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

 A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

## DISCUSSION

Sodaro argues his counsel was deficient because she: (1) failed to adequately investigate the facts or to consult with him to develop information; (2) failed to understand the effect of Oregon's allowance for restoration of civil rights; and (3) failed to argue he lacked the "intent" to possess a firearm. Additionally, Sodaro argues counsel was deficient because she failed to advise him of the forthcoming Supreme Court decision in Sykes when he could have benefitted from the

prior state of the law. Sodaro asserts that, had he known how his sentence would have been affected, he would have taken a "more favorable deal" earlier. Mot. Under § 28 U.S.C. § 2255 at 9.

There is no need for an evidentiary hearing since Sodaro's motion is frivolous and not supported by the record.

To prevail on a claim of ineffective assistance of counsel, Sodaro must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 688 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. To establish the second prong of the Strickland test, Sodaro must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

I. Failed to Investigate or Consult

Beyond the bald statements that his counsel did not investigate the facts involved in his case, she accepted the facts given by the US Attorney's Office, and failed to consult with him adequately, Sodaro does not explain what his attorney should have done and would have learned that would have affected his decision to plead guilty. Indeed, the government indicated at his guilty plea it would have presented evidence Sodaro was seen with items that were stolen with the firearm, he admitted to police he had stolen the firearm from a federal flight deck officer's car, and he led police to the firearm. Without further explanation from Sodaro, it appears clear his counsel had nothing to investigate. The Presentence Investigation Report supports the government's assertions. See also Gov. Resp. Ex. 1 (police report).

Furthermore, Sodaro's statement that he is now unhappy with his counsel's advice and consultation is directly contradictory to his testimony during his plea hearing. At that time, I inquired of Sodaro as follows:

> THE COURT: Have you been able to go over this indictment with Ms. Hay and discuss with her the charges against you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you feel you've had an opportunity to ask her all of the questions that you have about the charges against you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you feel you understand both the nature and the seriousness of the charges at this time?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you satisfied with the representation and advice that your attorney has given you in this matter?
>
> THE DEFENDANT: Yes.

Tr. 4 (Oct. 5, 2011) (ECF No. 41); see United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir. 1987) ("Solemn declarations in open court carry a strong presumption of verity.") (citation omitted); United States v. Rivera-Ramirez, 715 F.2d 453, 458 (9th Cir. 1983) (court may credit sworn statements at plea hearing over later contradictory statements).

Sodaro has produced no evidence of deficient performance that prejudiced him.

II.   Oregon's Allowance for Restoration of Civil Rights

Sodaro contends his attorney should have researched and invoked civil rights restoration laws, thereby somehow changing his status to a felon permitted to possess a firearm. Sodaro may be referring to a procedure under Oregon law by which a convicted felon may petition a court to

restore his rights to possess a firearm. ORS 166.274. Sodaro does not offer evidence he successfully utilized this procedure before he committed the instant offense. Restoration of such a right after committing the offense, of course, would be irrelevant. See United States v. Padilla, 387 F.3d 1087, 1091 (9th Cir. 2004) ("[T]he only relevant circumstance for present purposes is [defendant's] status as a convicted felon at the time he possessed a firearm. The state court's later order, nunc pro tunc or not, has no effect on that status.").

Sodaro has produced no evidence of deficient performance.

III.     "Intent" to Possess a Firearm

Sodaro contends his counsel never argued he lacked the requisite intent for the charge.[1] She likely never argued lack of intent because Sodaro admitted to officers that he stole the firearm and gave it to another convicted felon. As a result, he knowingly possessed the firearm. See United States v. Johnson, 459 F.3d 990, 996 (9th Cir. 1996) (the statute "explicitly punishes possession, not retention, and thus in no way invites investigation into why the defendant possessed a firearm or how long that possession lasted") (internal quotation and citation omitted). Sodaro has failed to raise any viable issue about counsel's performance.

IV.     Issuance of Sykes and Snyder

Finally, Sodaro argues his attorney did not anticipate the effect of the Sykes and Snyder decisions on his base offense level. Had she anticipated it, and informed him of the possible ten level increase to his base offense level, he would have accepted an "earlier offer, where there was

---

[1] Sodaro also characterizes this as a claim for violation of his due process rights, but he waived the right to collaterally challenge any aspect of his sentence except on grounds of ineffective assistance of counsel.

most assuredly a shorter prison sentence exposure before the decision ultimately was handed down." Mem. of Points and Authorities for Mot. to Vacate 4.[2]

As an initial matter, Sodaro's argument is premised on an unsupported belief that the government had made an earlier offer agreeing not to argue the prior felony eludes were crimes of violence. Sodaro offers no evidence in support of his assertion; in fact, the government has always taken the contrary position. Additionally, even assuming I would have rejected the government's position at sentencing and applied a base offense level ten points lower, it is not ineffective assistance of counsel when an attorney misses an opportunity for a court to make a legal "error in [her client's] favor." Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (no prejudice when attorney failed to object to an aggravating sentencing factor the Eighth Circuit had, during this time, incorrectly found to be impermissible); see also Lafler v. Cooper, 132 S. Ct. 1376 (2012) (explaining Fretwell ensures a defendant does not "receive a windfall as a result of the application of an incorrect legal principle or a defense strategy outside the law").

In the end, referring to the background above, Sodaro's 90 month sentence is the product of his own decisions and behavior, not the ineffective assistance of counsel.

///

///

---

[2]He separately argues application of the greater sentence as a result of the change in law constituted an ex post facto violation, but again, he waived the right to collaterally challenge any aspect of his sentence except on grounds of ineffective assistance of counsel.

## CONCLUSION

Based on the foregoing, defendant James Patrick Sodaro, Jr.'s motion, under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence [39] is DENIED. Because Sodaro has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this      14th      day of May, 2013.

      /s/ Garr M. King
      Garr M. King
      United States District Judge